UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD TRAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-105-CDP |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Richard Travis seeks a writ of habeas corpus pursuant to title 28 U.S.C. § 2254. Travis was sentenced to concurrent terms of thirty years in prison as a result of his convictions on two counts of robbery in the first degree and two counts of armed criminal action. Travis's convictions and sentence were affirmed by the Missouri Court of Appeals. State v. Travis, 247 S.W.3d 566 (Mo. Ct. App. 2007). He sought post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, but his motion was denied without a hearing. That denial was also affirmed on appeal. Travis v. State, 277 S.W.3d 886 (Mo. Ct. App. 2009)

Travis now seeks federal habeas corpus relief, asserting the following eleven grounds:

(1) The trial court erred in overruling his motion to suppress an out-of-court identification by one of the victims because the identification was based on

a suggestive lineup.

(2) The trial court erred in admitting a ski mask, a .357 Magnum revolver, a loaded Ruger revolver, six live cartridges, and a BB gun, because the items were evidence of uncharged crimes.

(3) Trial counsel was ineffective for failing to object to, and for eliciting, testimony that a ski mask was found with the weapons in the car.

(4) Trial counsel was ineffective for failing to object, and request a mistrial, on the ground that jurors could see Travis wearing a jail identification bracelet.

(5) The trial court erred in allowing a police officer to testify about information that he received from an informant.

(6) Trial counsel was ineffective for failing to object to the admission of a photograph of a blue plaid jacket because the jacket belonged to Travis's alleged accomplice rather than Travis.

(7) Trial counsel was ineffective for failing to impeach one of the victims with his prior inconsistent statements.

(8) The trial court erred in admitting into evidence the photograph of the blue plaid jacket because that evidence was irrelevant.

(9) Trial counsel was ineffective for failing to conduct DNA testing on the jacket and/or depose Travis's alleged accomplice about who owned the jacket.

(10) Trial counsel was ineffective for failing to cross-examine an expert witness for the State about whether the victim should have been able to distinguish between a .357 caliber firearm and a .38 caliber firearm.

(11) The cumulative effect of counsel's errors amounted to ineffective assistance.

Travis's first four grounds fail on the merits, and his last seven grounds are procedurally barred. The court will therefore deny the petition, for the reasons that follow.

**Facts**

Travis's convictions arose from the robbery of two operators of a service station. On October 31, 2003, Walter Wiesehan and Lee Smoote were working on a car in the first garage bay of the service station when the perpetrator approached the two men and robbed them at gunpoint. An accomplice to the robbery waited outside the garage. Police later received an anonymous tip concerning the robbery that led them to create photographic lineups of Travis and Anthony Eiland, Travis's alleged accomplice, to see if the victims could identify anyone. Wiesehan immediately identified Travis as the robber from the lineups. He also identified Travis as the robber at trial. Eiland was not identified.

Later, the police detained Travis and Eiland, who were sitting in a parked car owned by Eiland. Based on information received from the informant, officers searched under the car's hood and found a ski mask, a loaded .357 revolver, a Ruger revolver, and a replica BB gun. At trial, Wiesehan testified that the .357 revolver looked like the gun used during the robbery.

## Discussion

A federal court may grant a writ of habeas corpus for a claim adjudicated on the merits in state court only when the state court's decision:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding."

Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d) (2006). "A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). A state court decision "involved an unreasonable application of ... clearly established Federal law" if the state court applied the Supreme Court's "precedents to the facts in an objectively unreasonable manner." Id. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Williams v. Taylor, 529 U.S. 362, 411 (2000). Furthermore, when reviewing a state court decision, a federal court must presume that a state court's factual determinations are correct; a petitioner may rebut this presumption only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

***Grounds One and Two: Trial Court Error***

Grounds one and two of Travis's petition claim that the trial court denied him due process of law by (1) overruling his motion to suppress the out-of-court identification and (2) admitting a ski mask, a .357 Magnum revolver, a loaded Ruger revolver, six live cartridges, and a BB gun, all of which police found in the car that Travis was in when police detained him.

"A state court's evidentiary rulings can form the basis for habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996). The petitioner must show, "that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety the verdict probably would have been different." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987)).

In his initial petition, Travis asserted that the trial court erred by overruling

his motion to suppress the out-of-court identification because the photographic lineup showed to Wiesehan was suggestive. In his traverse, however, Travis agrees with the State that a review of the record reveals no evidence that the lineup shown to Wiesehan was suggestive. It now appears that the suggestiveness of the photographic lineup to no longer be at issue and so I will deny Travis's first ground for relief without further discussion. See Kerns v. Bowersox, 2010 WL 1049841, at *16 (E.D. Mo. March 18, 2010) (denying claim without discussion where petitioner's traverse put claim no longer at issue).[1]

Travis's second claim asserts that the trial court erred in admitting a ski mask, a .357 Magnum revolver, a loaded Ruger revolver, six live cartridges, and a BB gun, arguing that these items constitute evidence of uncharged crimes and were more prejudicial than probative. Reviewing for plain error, the Missouri Court of Appeals rejected Travis' argument, stating:

> In this case, the Victim testified the robber used a .38 revolver with a six-inch barrel during the robbery. The .357 revolver is relevant because it is similar in size and appearance to the .38 revolver described by the Victim as the gun used in the robbery. In addition, the Victim testified that the gun found in the car looked like the same revolver as the one used in the robbery

---

[1] Travis requests in his traverse that the court hold an evidentiary hearing regarding his direct appeal counsel's decision to include this claim, which Travis now believes lacks merit. To the extent this claim is construed as one of ineffective assistance of direct appeal counsel, the claim is procedurally barred because Travis did not raise it in state court, and has not shown cause for this failure. See Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Therefore, this claim is denied.

> ... The .357 revolver confirmed a fact at issue and corroborated evidence relevant to the case. Thus, the .357 revolver was relevant and tended to establish Appellant's guilt.
>
> The photograph of the other items found in the engine compartment with the .357 revolver, and the police officer's testimony about those items, does not clearly constitute evidence of uncharged crimes. State v. Bolds, 11 S.W.3d 633, 638 (Mo. App. E.D. 1999). We agree this evidence is superfluous. However, we cannot say that a manifest injustice or a miscarriage of justice occurred by its admission.

Ex. F. Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(b), No. ED88724 (Mo. Ct. App. October 23, 2007) (unreported), at p. 5.

Travis fails to show that the decision was contrary to law or an unreasonable determination of the facts. The .357 revolver, found in the car where police found Travis, was relevant because Wiesehan testified that it resembled the firearm used during the robbery, corroborating Wiesehan's testimony that Travis committed the robbery. The .357 revolver was not admitted, as Travis claims, as evidence of an uncharged crime. Rather, the revolver was admitted as evidence that he had committed the underlying robbery. Given the limited scope of a habeas court's review of trial court error, it cannot be said that the admission of relevant evidence that bolstered witness testimony was so "conspicuously prejudicial" as to deny Travis due process. See Parker, 94 F.3d at 460; see also James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999) (calling its review of alleged trial court error

"exceptionally limited")

Turning to the additional items found in the car, Travis again fails to satisfy his burden for habeas relief. The Missouri Court of Appeals determined that this evidence did not "clearly constitute evidence of uncharged crimes." Ex. F, at p. 5. This is a determination of state law not to be re-examined on federal habeas review. <u>Johnston v. Luebbers</u>, 288 F.3d 1048, 1056 (8th Cir. 2002).

Even assuming the admission of these items was constitutional error, Travis has not shown a "reasonable probability" that the error affected the outcome of his trial. When compared to the evidence against Travis, including Wiesehan's immediate identification of Travis in the photographic lineup and again at trial, and testimony that the .357 revolver resembled the gun used in the robbery, the evidence of the additional items found in the car was trivial, and cannot be said to have "fatally infected" the trial and deprived Travis of due process. <u>Parker</u>, 94 F.3d at 460; <u>see also</u> <u>Evans v. Lock</u>, 193 F.3d 1000, 1003 (8th Cir. 1999) ("overwhelming evidence" of guilt makes alleged constitutional error "harmless").

Because Travis has not shown constitutional error that fatally infected his trial, the court must deny Travis's second ground for relief.

***Grounds Three and Four: Ineffective Assistance of Counsel***

Travis also contends that trial counsel was ineffective for (1) failing to

object to, and for eliciting, testimony that a ski mask was found with the weapons in the car, and (2) failing to object, and request a mistrial, on the ground that jurors could see him wearing a jail identification bracelet.

In Strickland v. Washington, the Supreme Court laid down a two-part test for determining claims of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient ... Second, the defendant must show that the deficient performance prejudiced the defense." Id. To show prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Federal habeas review of a Strickland claim is "doubly deferential" to a state court determination that counsel's performance satisfied the requirements of the Sixth Amendment. Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009).

The Missouri Court of Appeals rejected Travis' first claim of ineffectiveness – that trial counsel should have objected to, and refrained from eliciting, testimony that a ski mask was found with the weapons in the car. Ex. J., Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 84.16(b), No. ED91749 (Mo. Ct. App. March 10, 2009) (unreported), at p. 6. The

court held that an objection to the testimony about the mask would have been without merit, because, under Missouri law, the mask did not constitute evidence of uncharged crimes. Ex. J., at p. 6.

"Determinations of state law made by a state court are binding on a federal court in habeas proceedings." Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005). Counsel was not ineffective for refusing to make an objection that would have failed as a matter of state evidentiary law. See Dantzon v. Roper, 2010 WL 5184952, at *4 (E.D. Mo. Dec. 15, 2010). Travis has not shown that the Missouri Court of Appeals' decision involved an unreasonable application of federal law, or that it was an unreasonable determination of the facts. With the federal habeas court's "doubly deferential" standard in mind, I must deny Travis's third ground.

Travis' fourth ground asserts that trial counsel was ineffective for failing to object, and request a mistrial, on the ground that jurors could see him wearing a jail identification bracelet. The Missouri Court of Appeals rejected this claim, stating:

> [M]ovant's conclusory allegation about the bracelet is refuted by the finding of the motion court judge, who was also the trial court judge. He found that the bracelet was not prominent or obvious ... Finally, movant has not shown prejudice from the fact he wore the bracelet. He did not allege facts demonstrating a reasonable probability that the jurors saw the bracelet; that they understood what it was; or that they would reasonably draw the conclusion from that item, which was not a restraint, that he was a security

risk and base their verdict on it.

Ex. J., at p. 7-8.

The Supreme Court has held that an accused cannot be compelled "to stand trial before a jury while dressed in identifiable prison clothes." Estelle v. Williams, 425 U.S. 501, 512 (1976). The post-conviction motion court determined that Travis' bracelet "was not prominent or obvious" and "would not have the same connotation to a juror which shackles would have had." Ex. J., at p. 7. Travis has not alleged facts constituting clear and convincing evidence to overcome the presumption that the state court's factual determination regarding the bracelet was correct. See 28 U.S.C. § 2254(e)(1). Because the bracelet was not identifiable as prison issue, trial counsel's failure to object to it does not constitute ineffective assistance.

Furthermore, even if counsel's failure to object was deficient, Travis has not satisfied the second prong of Strickland – that the deficiency prejudice him. 466 U.S. at 687. As discussed, Wiesehan identified Travis as the robber almost immediately from a photographic lineup, and again in court. Furthermore, he testified that the .357 revolver found in the car where police found Travis looked like the gun used in the robbery. Considering the evidence, Travis has not shown a "reasonable probability" that the result of the trial would have been different if

trial counsel had objected to his wearing the bracelet. See Strickland, 466 U.S. at 694.

In light of the foregoing, and the court's "doubly deferential" review of the state court's determination, the court must deny Travis's fourth ground because it is neither "contrary to" nor an "unreasonable application of" federal law. 28 U.S.C. § 2254(d)(1); Mirzayance, 129 S. Ct. At 1420.

***Grounds Five Through Eleven: Procedural Bar***

Travis's remaining grounds in his petition are procedurally barred from federal habeas review because he did not properly raise the claims in state court. Travis included his remaining grounds in his initial pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15, but his appointed counsel did not include them in Travis's amended motion. However, neither Travis nor his counsel raised these claims on appeal from the denial of his post-conviction motion. Travis's claims are barred because he cannot meet the Supreme Court standard allowing a petitioner to overcome his procedural default.

To preserve a claim for federal habeas review, the petitioner must have properly raised the claim in the state courts. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). A petitioner procedurally defaults a claim if he fails to present the claim according to state procedural rules. Id. At 1151 (citing Sawyer v. Whitley,

505 U.S. 333, 338 (1992)). Under Missouri law, failing to raise a claim on appeal constitutes a default. Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996) (finding ineffective assistance of counsel claim abandoned when not advanced on appeal from denial of post-conviction motion). Therefore, failing to raise a claim on appeal from the denial of a post-conviction motion procedurally bars federal habeas review of the claim. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994).

To overcome the procedural bar, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991). The issue of "cause" turns on "whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 487 (1986). Examples of such objective factors include "a showing that the factual or legal basis for a claim was not reasonably available to counsel ... or that 'some interference by officials' ... made compliance impracticable." Id. at 488 (citations omitted).

A petitioner can also overcome procedural default by showing "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. "This exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for

which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).

In his traverse, Travis argues his case is analogous to Clemmons v. Delo, in which, Travis argues, the court excused procedural default when counsel refused to include claims in a post-conviction motion that the petitioner wished to include. 124 F.3d 944 (8th Cir. 1997). However, Travis's argument is without merit.

Travis indeed submitted to the post-conviction motion court both a Motion to Withdraw Amended Motion and Proceed on Pro Se Motion and a Motion to Withdraw Counsel and Appoint Conflict-Free Counsel, with the apparent intention of having the court hear all the claims included in his original Rule 29.15 motion.[2] On appeal, though, Travis failed to assert the additional claims abandoned by counsel.

In Clemmons, the prisoner, Clemmons, raised the issue of undisclosed evidence in his post-conviction motion. 124 F.3d at 947. On appeal from denial of his motion, Clemmons's lawyer did not raise the issue of the undisclosed evidence, contrary Clemmons's instructions. Id. Clemmons then attempted to file a pro se supplemental brief raising the issue, but the Missouri Supreme Court denied the motion for leave to file the brief. Id. Clemmons raised the issue of

---

[2]From the record, it appears the motion court did not rule on these motions, and it did not address these additional claims in its Conclusions of Law and Order denying Travis's motion for post-conviction relief.

undisclosed evidence in his petition for writ of habeas corpus, but the District Court found the issue procedurally barred. Id. The Eighth Circuit reversed. Id. at 948-49.

Contrary to Travis's assertion, the Eighth Circuit did not excuse a procedural default for cause in Clemmons. Rather, the court held that the issue was not procedural defaulted because Clemmons had fairly presented his claims by filing his motion for leave to file a supplemental brief raising the claims. Id. at 948 ("The fact remains that Clemmons called the attention of the Missouri Supreme Court to his Brady claim, among many others.").

Unlike the petitioner in Clemmons, Travis did not assert his claims to the post-conviction appellate court, nor call the court's attention to them via motion. Travis has not put forth arguments showing cause and prejudice for failing to present these claims on appeal, nor has he shown a fundamental miscarriage of justice that would excuse his procedural default. His fifth through eleventh claims are therefore procedurally barred, and the court will not consider them on their merits.

## Certificate of Appealability

Under 28 U.S.C. § 2253, a petitioner may not appeal a final order in a habeas corpus proceeding unless a circuit justice or judge issues a Certificate of

Appealability. 28 U.S.C. § 2253(c)(1)(A). In order to grant such a certificate, the court must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Such a showing requires there to be issues that are debatable among reasonable jurists, issues that courts could resolve differently, or issues that deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Travis has not made a substantial showing of the denial of a federal constitutional right. Therefore, the court will deny a Certificate of Appealability on all claims..

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for habeas corpus relief under 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

                                               _/s/ Catherine D. Perry_
                                               CATHERINE D. PERRY
                                               UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2011.